IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

TRACY SINCLAIR, )
　)
　　Plaintiff, )
　)
v. ) Case No.:
　)
HILTON GRAND VACATIONS COMPANY, LLC, )
and DOE DEFENDANTS "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained, )
　)
　　Defendant. )

## COMPLAINT

COMES NOW Plaintiff Tracy Sinclair (hereinafter "Plaintiff"), by and through counsel, against Defendant Hilton Grand Vacations Company, LLC and Doe Defendants A, B, and C for personal injuries and other damages sustained by Plaintiff as the result of a dangerous condition on or about June 18, 2022.

### I.　　PARTIES

1.　　The Plaintiff was a resident of Jefferson County, Alabama, at all times material to the issues in this case.

2.　　Defendant Hilton Grand Vacations Company, LLC (hereinafter "Defendant Hilton") is a Delaware Limited Liability Company authorized to conduct business in the State of Tennessee. Defendant Hilton maintains its principal place of business in the State of Florida at 6355 Metrowest Blvd, Suite 180, Orlando, Florida, and is a citizen of the State of Florida by having been incorporated in the State of Florida, and maintaining its principal place of business

in the State of Florida. Defendant Hilton was doing business by agent in Sevier County, Tennessee at all times material to the issues in this case. For the purpose of service of process, it may be served through its Registered Agent: Corporation Service Company at 2908 Poston Avenue, Nashville, Tennessee 37203.

3. Doe Defendants "A", "B" and "C" are other persons and/or entities whose wrongful conduct may have caused and/or contributed to the incident that forms the basis of this Complaint but are unknown to Plaintiff at this time.

## II. JURISDICTION & VENUE

4. Jurisdiction is based upon 28 U.S.C. § 1332(a) as there is complete diversity of citizenship between the parties and the amount in controversy is in excess of the jurisdiction minimum of $75,000.00, exclusive of interest and cost.

5. Venue in The Eastern District of Tennessee, Knoxville Division is proper pursuant to 28 U.S.C. § 1391(b)(2) as the incident giving rise to this complaint occurred in Sevier County, Tennessee.

## III. GENERAL ALLEGATIONS and FACTS

6. On or about June 19, 2022, Ms. Tracy Sinclair was booked as an invitee and hotel guest of Hilton Grand Vacations Company, in Pigeon Forge, in Sevier County, Tennessee.

7. At said time and place, Ms. Sinclair was staying in room 2210 when the bathroom ceiling began dripping water onto the floor, creating a hazardous condition of standing water.

8. At said time and place, Plaintiff went to the bathroom where she slipped and fell, injuring her upper back, lower back, right hand, neck, and knees.

9. At said time and place, Defendant Hilton maintained a dangerous condition with actual or constructive knowledge that Defendant's premises was dangerously maintained and

-2-
Case 3:23-cv-00202-TRM-JEM   Document 1   Filed 06/12/23   Page 2 of 9   PageID #: 2

Defendant allowed said condition to be present without warning to the Plaintiff of the presence danger.

10. As a result of the hazardous condition created by Defendant Hilton, Plaintiff suffered injuries to her upper back, lower back, right hand, neck, and knees, severe mental anguish, and other permanent, life-altering injuries.

## COUNT ONE
### (Based On Premises Liability / Negligence)

11. Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of Paragraphs 1 through 10 hereinabove as fully and completely as if the same were set forth verbatim herein.

12. At said time and place, Plaintiff fell when Defendant maintained a dangerous condition with actual or constructive knowledge that Defendant's premises was dangerously maintained and Defendant allowed said condition to be present without warning to the Plaintiff of the presence danger.

13. In causing said known dangerous condition to persist on that certain premises described hereinabove, Defendant:

   (a) Negligently failed to exercise ordinary care.

   (b) Negligently failed to cure a known danger.

   (c) Negligently failed to warn Plaintiff of said known danger.

   (d) Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and other business invitees.

14. The Plaintiff avers that the acts and conduct of Defendant Hilton on said occasion, constitutes common law negligence.

15. As the proximate consequence of said negligence by Defendant Hilton, the

Plaintiff was caused to suffer permanent and life-altering injuries.

WHEREFORE, Plaintiff demands judgment against the Defendant for all damages to which she is entitled in such an amount as a jury may award, together with all costs and expenses incurred in the prosecution of this case.

## COUNT TWO
### (Based On Recklessness and Wantonness)

16. Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of Paragraphs 1 through 15 and Count One hereinabove as fully and completely as if the same were set forth verbatim herein.

17. On June 19, 2022, Defendant Hilton acted in such a wanton manner in creating and maintaining a known dangerous condition and failing to cure or warn invitee of said dangerous condition, so as to

   (a) cause injury to Plaintiff due to the dangerous condition, and

   (b) cause Plaintiff to undergo doctors appointments and physical therapy appointments, and

   (c) cause the Plaintiff to suffer and sustain the injuries and damages.

18. In causing said known dangerous condition to persist on that certain premises described hereinabove, Defendant Hilton:

   (a) Wantonly failed to exercise ordinary care.

   (b) Wantonly failed to cure a known defect.

   (c) Wantonly failed to warn Plaintiff of said known defect.

   (d) Otherwise acted in wanton disregard of the rights and safety of the Plaintiff and others business invitees.

19. The Plaintiff avers that the acts and conduct of the Defendant Hilton constitutes wantonness.

20. As the proximate consequence of said negligence, Plaintiff was caused to suffer personal injuries, pain, suffering and other damages.

WHEREFORE, the Plaintiff demands judgment against the Defendant for all damages to which she is entitled, including punitive damages, in such an amount as a jury may award, together with all costs and expenses incurred in the prosecution of this case.

## COUNT THREE
**(Based On Vicarious Liability)**

21. Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of Paragraphs 1 through 20 and Count One hereinabove as fully and completely as if the same were set forth verbatim herein.

22. At all times relevant to this action, the individuals responsible for the inspection and maintaining of the area where Plaintiff fell were employees and/or agents of Defendant Hilton and were acting during and within the scope of their employment with the Defendant Hilton.

23. Pursuant to T.C.A. § 29-11-107 and/or the doctrine of *respondeat superior*, Defendant Hilton is legally and vicariously liable for the negligent acts or omissions of any of its employees or agents which proximately caused the personal injuries and related damages sustained by Plaintiff at all times relevant to this litigation.

WHEREFORE, the Plaintiff demands judgment against the Defendant for all damages to which she is entitled, including punitive damages, in such an amount as a jury may award, together with all costs and expenses incurred in the prosecution of this case.

## COUNT FOUR
**(Based On Negligent Training & Supervision)**

24. Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this

Count all of the averments of Paragraphs 1 through 23 and Count One hereinabove as fully and completely as if the same were set forth verbatim herein.

25. Defendant Hilton was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspection and maintaining the premises.

26. Defendant Hilton was negligent in its training and supervision of its employees or agents.

27. As a result of Defendant Hilton's negligence in its training and supervision of its employees or agents, Plaintiff was injured.

WHEREFORE, the Plaintiff demands judgment against the Defendant for all damages to which she is entitled, including punitive damages, in such an amount as a jury may award, together with all costs and expenses incurred in the prosecution of this case.

### COUNT FIVE
### (Against Doe Defendants)

28. Plaintiff in this Count is Plaintiff. The Defendants in this Count are Doe Defendants "A", "B" and "C".

29. Plaintiff re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 27 hereinabove and all of the factual averments of Count One and Count Two hereinabove as fully and completely as if the same were set forth verbatim herein.

30. Doe Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton reckless and wrongful conduct contributed to cause the injuries sustained by Plaintiff, all of whose true and correct

names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

WHEREFORE, Plaintiff demands judgment against Doe Defendants "A", "B", and "C", both jointly and severally, for all compensatory damages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## **DAMAGES**

31. Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of Paragraphs 1 through 30 and Count One hereinabove as fully and completely as if the same were set forth verbatim herein.

32. As a direct and proximate result of the negligence and carelessness of all Defendants, including but not limited to Defendant Hilton's employees, or agents, Plaintiff has sustained severe personal injuries, both temporary and permanent in nature, and will continue to suffer personal injuries in the future, including permanent disability.

33. All Defendants, including but not limited to Defendant Hilton's employees, and/or agents' acts and/or omissions, were negligent and proximately caused the injuries to Plaintiff. Further, said acts and omissions are the legal cause of Plaintiff's injuries, as set forth herein, all of which otherwise would not have occurred but for the acts or omissions of all Defendants.

34. Due to the sole, direct, and proximate result of the negligence by all Defendants as described above, Plaintiff has been injured and her injuries include, but are not limited to the following particulars, to-wit:

    a.    physical pain and mental suffering of a past, present, and future nature;

    b.    medical and pharmaceutical bills of a past, present, and future nature;

c. loss of enjoyment of living of a past, present, and future nature;

d. mental anguish and distress of a past, present, and future nature;

e. cost of medical treatment of a past, present, and future nature;

f. lost wages;

g. loss of earning capacity;

h. permanent impairment and disability; and

i. temporary and permanent injury.

35. As a direct and proximate result of the negligence and carelessness of the all Defendants, Plaintiff suffered injuries both temporary and permanent in nature, including permanent disability.

36. All Defendants are liable to Plaintiff in an amount sufficient to compensate Plaintiff for all her personal injuries, damages, and losses described above, including both her general damages and special damages; said amount to be determined by a jury of six (6).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment against the Defendants as follows:

(a) That Summons and Process be issued and served upon all Defendants, and that the Defendants be required to appear and answer this Complaint within the time required by law;

(b) That a jury of six (6) be empaneled to try the issues herein;

(c) That Plaintiff be awarded damages as averred above;

(d) That Plaintiff be awarded a judgment against the Defendants for compensatory damages in the amount to be determined by a jury of her peers for bodily injury, medical expenses, future medical expenses, permanent impairment, pain and suffering, emotional distress, lost wages, loss of earning capacity, loss of enjoyment of life, and other related compensatory, general, and special damages of at least $525,000.00;

(e) That Plaintiff be awarded punitive damages against all Defendants in the amount of at least Seventy-Five Thousand & 00/100 Dollars ($75,000.00);

(f) Any other relief to which Plaintiffs may be deserving under the common laws and statutory authorities which govern this cause of action;

(g) That the costs of this action be taxed to Defendants; and

(h) That Plaintiff be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted,

**THOMPSON BURTON, PLLC**

/s/William B. Hicky
William B. Hicky, BPR# 25452
Palmer Plaza
1801 West End Avenue, Suite 1550
Nashville, Tennessee 37203
Telephone: (615) 988-1627
Facsimile: (615) 691-8818
E-mail: will@thompsonburton.com